Opinion of the Court, by
Judge Owsley.
TlilS cause was formerly before this court, and; a judgment which had been previously recovered by Smithers, was then reversed, and the cause remanded (o the court below, for a new trial,of the issue made up. by the parties. Upon the return of the cause to that court, and on the trial of the issue, and after the witnesses whose evidence had- been introduced on the previous trial, were examined, Bpylor offered in evidence the bill of exceptions taken on the former trial, containing a statement of the. evidence then given, by the witnesses, for the purposo of impeaching their testimony; but; on objections taken byismilhers, the bill ofexccptions and the statements of the evidence therein contained, were excluded by the court.
(1) The excluded evidence ought, we apprehend, to, pecn admitted. Though witnesses may have been examined on a previous trial, and their evidence, then given made part of the record by bill of excep-^'ons> d woufa> no doubt, be necessary, on a subsequent d'hd between the same parlies, again to introduce the witnesses, if their testimony be essentia] to prove the facts in issue, unles's from some cause not within the coni:rol °f die parties, their attendance could not be procured. It is the undoubted privilege of each parly to require a vivavoce examination of the witnesses, on. cvery common law trial of a ¿ontested fact; and the. of such an examination over any written statement of what may have been previously proved, demands a strict adherence to the rule, whenever the personal attendance of the witnesses can be obtained.
(2) a bill of. exceptions is competent, on a subse-' ^gA*lrial of cause“ to prove what a witness ex-boti°6 swore onthefirst,to discredit him
Crittenden, for plaintiff; Taul, for defendant.
.Rut whilst the principle is admitted to he as we have Supposed it, neither the interest of the parties nor the reason or spirit of the rule forbids the introduction of a statement contained in a bill of exceptions, of what.a witness may have previously proved', for the purpose of discrediting what he may afterwards say, on a trial between the same parties.
The statements contained in a bill of exceptions must be supposed to have undergone, not only the inspection of each party or their counsel, but, moreover, the scrutiny and supervision of the court by whom the exceptions are signed. When enrolled, those state-mentsin fact compose part of the record, andaré enti-tied to as much verity, and are deserving as much credit, as would be the testimony of any witness who might prove what the witness whose statements are contained in the record, proved on a previous trial; and no rule is better settled, and none more frequently acted upon, than that which allows evidence of whát a witness has previously sworn or said, to impeach of discredit his testimony.
The evidence ought not, therefore, to have been excluded. The judgment must-, consequently, be reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.